COOSAW MIN. CO. v. FARMERS' MIN. CO. et aL

(Circuit Court, D. South Carolina. April 10, 1895.)

EQUITY — REFERENCE TO MASTER — TIME FOR TAKING TESTIMONY — EQUITY RULE 69.

Equity rule 69, requiring all testimony to be taken within three months after a cause is at issue, unless the time is enlarged by the court, has no application to a reference ordered by the court to a master to take testimony as to the damages on an injunction bond, and a lapse of nearly three years without any action by either party is no objection to proceeding under the reference.

In Equity.

Bill for an injunction filed by the Coosaw Mining Company against Farmers' Mining Company and others. A preliminary injunction was dissolved, and the court ordered a reference to ascertain the damages on the bond. An objection to proceeding with the reference was made, and the master applies for instructions.

Smythe & Lee and McCradys & Bacot, for complainant.
Mitchell & Smith, for defendants.

SIMONTON, Circuit Judge. This case comes up on a question certified by the special master. The complainant filed a bill against the defendants, praying an injunction. An injunction bond was required, and was executed. A temporary injunction having been granted, it was dissolved on 5th April, 1892. Thereupon the defendants prayed that the injunction bond be delivered to their solicitor, so that the same could be put in suit. This prayer was refused, the court holding that it was the proper judge of the question whether any damage was sustained, and, if so, its amount. An order was filed directing "that the defendants produce before the master such evidence of damage as they may claim, with leave to complainants to reply thereto if they be so advised, and that the testimony so taken be reported to the court; that J. E. Hagood be appointed special master in this behalf." This order was dated and filed 17th June, 1892. The defendants took no action under this order until April 1, 1895. Nor were any steps taken by complainant, who, indeed, was only required to reply to evidence of the defendants. A reference having been called at the instance of the defendants for this last-named day, counsel for complainant objected to going on with the reference, as the three months allowed under equity rule 69 had long since expired, and no further time can be allowed without an order of the court. The special master asks instructions as to the validity of this objection. The counsel for complainant now press their objection, and say further that it would be inequitable to indulge the defendants by extending the time for taking testimony. Great stress is laid upon the provisions of rule 69, in which, in the absence of special direction, three months, and no more, are allowed within which all testimony must be taken; and on the cases under that rule,—Ingle v. Jones, 9 Wall. 486; Fischer v. Hayes, 6

Fed. 76; Wooster v. Clark, 9 Fed. 854; Coon v. Abbott, 37 Fed. 98; Wenham v. Switzer, 48 Fed. 612; Grant v. Insurance Co., 121 U. S. 115, 7 Sup. Ct. 841. Some stress, more by way of analogy, is laid also on the practice in South Carolina in equity before the adoption of the New York Code. Under that practice all proceedings were out of court in which no action was taken within a year and a day. The precise question is obscure. No case in point can be found. At least, if any case does exist, it has escaped the laborious and careful search of learned counsel, and cannot be found by the court. Can the provisions of rule 69 be extended to the investigation of every matter in which testimony is required during the progress of a cause in equity? It certainly cannot mean that, after a cause is at issue, three months, and no more, are allowed for taking all the testimony which may be needed in it up to the final decree. It must relate primarily to the testimony taken upon the matters put'in issue by bill, answer, and replication. The preceding rules show that, after replication filed, the cause shall be "deemed to all intents and purposes at issue." Then comes this rule 69, fixing a limit to the time for taking testimony to be read in evidence at the hearing,—evidently the hearing of the issue so joined. The most critical examination of the rules cannot discover any reference to testimony taken under any other circumstances, or for any other purpose, than for use at this hearing. The rule is not unusual application, for in rule 67, providing for taking testimony orally before an examiner, provision is made for assignment in turn to each party, within which evidence for the moving party, then for the respondent, and then in reply can be offered in this order. 144 U. S. Append. 689, 12 Sup. Ct. iii. If this rule 69 stood alone, there would be much difficulty in answering the question stated above. There is also rule 74, upon the special subject of references to a master, and a special provision is made therefor. Do these rules relate to the same subject, and must they be construed in pari materia? Under the practice in the English chancery, no testimony was ever taken in open court before the chancellor. Witnesses were examined before one of the masters in chancery. Their testimony, reduced to writing, was read at the hearing. In this country, under the act of 1789 (1 Stat. 88), oral testimony and examination of witnesses in open court was required to be the same in cases in equity as in actions at common law. This provision of the act was modified in some respects by subsequent legislation, but was not finally repealed until the adoption of section 862, Rev. St. U. S., which left the mode of proof in causes in equity and admiralty to such rules as the supreme court had then prescribed or may thereafter prescribe. At that time the supreme court had, by an amendment to rule 67, provided for the appointment of an examiner, and for the taking of oral testimony before him, to be reduced to writing, and submitted to the court. 1 Black, 6. The ruling in Blease v. Garlington, 92 U. S. 1, requires that all testimony upon which the supreme court should pass must be in writing before

the court. This clearly indicates a preference for written depositions taken before an examiner, for no provision has been made by law for the reduction into writing of oral testimony taken in open court, although this mode of testimony is not absolutely forbidden. Keeping this in mind, we can see the reason for rule 69. When a cause is at issue,—which happens frequently during vacation,—the parties need not wait for any action on the part of the court, but either can go straightway before an examiner, and produce all such testimony as they may desire. This testimony, reduced to writing, is used at the hearing. But, as the rule was intended to expedite the cause, and all directions of the court are absent, provision is made that all testimony under this rule must be in within three months, unless the court enlarge the time; and full provision is made for this in the last clause of rule 67. But when the cause, so being at issue,—that is, on bill, answer, and replication,—comes up for a hearing, then, on the pleadings and evidence, the court makes its decree. If the court has everything before it which it desires, the decree is final. If not, then it makes a preliminary decree, "which provides for the investigation of questions which are material either in determining on subsequent steps or in deciding the issue between the parties." Adams, Eq. 375. The causes which create a necessity for a preliminary decree are four in number. The fourth is when there are matters to be investigated which, although under the province of the court, are such as the presiding judge cannot, at the hearing, effectually deal with. This necessity is met by a reference to a master to acquire and impart the necessary information. To provide machinery for this, rule 74 was adopted:

Rule 74: Whenever any reference of any matter is made to a master to examine and report thereon, the party at whose instance or for whose benefit the reference is made shall cause the same to be presented to the master for a hearing on or before the next rule day succeeding the time when the reference was made; if he shall omit to do so, the adverse party shall be at liberty forthwith to cause proceedings to be had before the master, at the costs of the party procuring the reference.

This rule differs materially from rule 69. It compels immediate action on the behalf of the moving party, fixes the next rule day as the time within which he must begin, and declares the method of taking advantage of the laches by his adversary.

Two points may be noted here. The reference in the case at bar was by the court suo motu for the purpose of enabling it to decide upon the merits of an application before it. That decision is in abeyance. No opinion was expressed upon it, and none could be until the information sought could be obtained. The decision is still pending. The need for the information exists. Again, the rule makes it the duty of the party at whose instance and for whose benefit the reference is made to move in the matter. In the case at bar the court, acting for both parties, and in order to protect and secure the right of each, ordered the reference. But, assuming that it was the duty of the defendant to move, must he be deprived of all opportunity of making his case, or is not the

true equitable course that pursued in Hagood v. Riley, 21 S. C. 143, confirming and following Harper, Ch., in Jeannerett v. Radford, Rich. Eq. Cas. 470? There was a provision of the statute law of South Carolina (7 St. at Large S. C. 209) requiring all equity cases to be finally decided in one year. Discussing a case under that statute, the court says:

"Under that act, a party defendant might have had the bill dismissed for want of prosecution, unless for satisfactory cause shown to the contrary; or it would have been in the power of the court, of its own motion, and after the cause was docketed, if the parties delayed their proceeding, to strike off the cause, or make such order as would be a final decision; or it might refuse to proceed further against the defendant, or might set aside a decree improvidently entered against him. But these directions of the act should be, and have been always, construed to subserve the purposes of justice, and not to take advantage of inadvertence or misapprehension. As is remarked by Chancellor Harper, if such motion be not made by the party defendant, being in court, this may be held evidence of consent on his part; and it may be added that, if no order be entered by the court, it may be inferred that the court thought that the delay was reasonable."

If the analogy of equity practice be examined, it will be seen how chary the court is in suppressing or defeating testimony. 1 Daniell, Ch. Prac. p. 807, shows that bills may be dismissed for want of prosecution, and parties turned out of court. But in bills to perpetuate testimony a different and more lenient practice prevails. The bill is not dismissed, and further time is always given the complainant within which he is peremptorily required to complete his examination. He cites Beavan v. Carpenter, 11 Sim. 22, in which no replication was filed, and a motion was made to dismiss the bill. Motion refused, and leave granted to file replication, and for further time to take testimony. So in Wright v. Tatham, 2 Sim. 459, the vice chancellor says: "A motion to dismiss a bill to perpetuate testimony for want of prosecution is irregular. The proper application is that plaintiff may proceed within a given time, or may pay the defendant his costs." That course was adopted in Bonham v. Longman, quoted in a note to the case.

It would seem that the peremptory requirements of rule 69 do not apply to rule 74. The former relates to the actions of the parties, and controls their attitude before the court. The latter is intended for the information of the court itself, to enable it to carry out its conclusion already reached upon the equities of the case, and to do complete and substantial justice. The South Carolina practice is controlled by a state statute, and cannot affect this court. The case is sent back to the special master, with instructions to go on with the references, but with leave to the complainant, in case the delay has operated in any way to injure it or change its relations, to produce testimony to that effect.